UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT ALLEN POWELL,

          Petitioner,

                                         CASE NO. 05-CV-70205-DT
v.                                    JUDGE LAWRENCE P. ZATKOFF
                                         MAGISTRATE JUDGE PAUL KOMIVES

MARY BERGHUIS,

          Respondent,

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      <u>RECOMMENDATION</u>: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment and should dismiss the petition.

II.     <u>REPORT</u>:

A.     *Procedural Background*

       Petitioner Albert Allen Powell is a state prisoner confined at the Brooks Correctional Facility in Muskegon Heights, Michigan. In this habeas action, petition challenges his 1998 state court convictions on six counts of first degree criminal sexual conduct. On August 25, 2005, respondent filed this motion for summary judgment, arguing that petitioner's habeas application is untimely under 28 U.S.C. § 2244(d). Petitioner filed a response to the motion on October 17, 2005, and a supplemental response on November 21, 2005.

       The record reveals the following time-line relevant to respondent's motion for summary

judgment:

- On August 3, 1998, petitioner was sentenced to six concurrent terms of 30-60 years' imprisonment.

- On September 5, 2000, the Michigan Court of Appeals affirmed petitioner's conviction and sentence, *see People v. Powell*, No. 213637, 2000 WL 33407199 (Mich. Ct. App. Sept. 5, 2000) (per curiam), and on November 8, 2000, the Court of Appeals denied petitioner's motion for rehearing, *see People v. Powell*, No. 213637 (Mich. Ct. App. Nov. 8, 2000) (order).

- On April 30, 2001, the Michigan Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Powell*, 463 Mich. 1013, 627 N.W.2d 598 (2001).

- On October 14, 2002, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508. The motion was denied by the trial court on December 12, 2002, and petitioner's motion for rehearing was denied on January 15, 2003.

- On September 4, 2003, the Michigan Court of Appeals denied petitioner's application for leave to appeal from the trial court's denial of his motion for relief from judgment. *See People v. Powell*, No. 248345 (Mich. Ct. App. Sept. 4, 2003) (order).

- On March 30, 2004, the Michigan Supreme Court denied petitioner's application for leave to appeal. *See People v. Powell*, 469 Mich. 1025, 679 N.W.2d 63 (2004).

- On January 7, 2005, petitioner signed and dated his habeas corpus application. The application was received and filed by this Court on January 20, 2005.

B.    *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

(1) A 1-year period of limitation shall apply to an application for a writ of

2

habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[1]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run.  Petitioner's claims are not based on newly recognized constitutional rights, and thus subparagraph (C) is inapplicable here.  Petitioner does contend, however, that he is entitled to the delayed starting provisions of subparagraphs (B) and (D).  Petitioner also contends that he is entitled to equitable tolling of the limitations period.

1.     *Timeliness Under § 2244(d)(1)(A)*

There is no question that petitioner's application is untimely under the starting provision governing the typical habeas petition.  Under § 2244(d)(1)(A), the limitations period commences on the date that the conviction becomes "final."  Petitioner's conviction became final when his time for seeking a writ of *certiorari* in the United States Supreme Court expired, 90 days after the

---

[1]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1).  *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

Michigan Supreme Court denied his application for leave to appeal.  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  Thus, under subparagraph (A), the limitations period commenced on July 29, 2001 (90 days after the April 31, 2001, denial of his application for leave to appeal).  Absent any applicable tolling, the limitations period expired one year later, on July 29, 2002.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  Here, petitioner filed a motion for relief from judgment in the trial court on October 14, 2002.  At this point, however, the limitations period had expired.  Because there was no remaining period to be tolled at the time petitioner filed his postconviction motion, and because the filing of a postconviction motion in the state court does not restart the limitations period, petitioner's habeas application is time-barred unless he is entitled some other form of tolling.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.); *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001) (Lawson, J.).

    2.    *Delayed Starting Under § 2244(d)(1)(B) and (D)*

Petitioner contends that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B) and (D).  As noted above, subparagraph (B) provides that the limitations period may commence on the date on which an unconstitutional state created impediment to filing the habeas petition is removed.  Subparagraph (D) provides that the limitations period may commence on the date on which the factual predicate for the petitioner's claims was first discovered, or discoverable with reasonable diligence.  Petitioner contends that his counsel refused to provide him with the

4

transcripts and other materials necessary for petitioner to exhaust his claims in the state courts. Petitioner contends that, after the conclusion of his direct appeal, he was finally able to secure some transcripts from the trial of his brother, who had been tried on similar charges based on allegations by the same victim. On February 15, 2002, petitioner's appellate counsel advised petitioner that he had located the remainder of the transcripts, and they were forwarded to petitioner one month later. Petitioner argues that counsel's ineffectiveness constituted a state created impediment to filing, and that he could not discover the factual predicate of his habeas claims until he received the transcripts from counsel on March 15, 2002.

The Court need not decide whether petitioner's allegations suffice to demonstrate either a state created impediment to filing or that he could not have discovered the factual predicate of his claims because, even assuming he is entitled to a delayed starting under subparagraphs (B) and (D) his application is nevertheless untimely.[2] Under subparagraph (B), the limitations period begins to run on the date that the state created impediment to filing is removed; under subparagraph (D), the

---

[2]It is doubtful, however, that petitioner's allegations would suffice to establish his entitlement to invoke subparagraph (B) or (D). With respect to subparagraph (D), for example, "[i]t is the actual or putative knowledge of the pertinent facts themselves that starts the clock running under § 2244(d)(1)(D). Accrual does not await the collection of evidence supporting the facts[.]" *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001); *see also*, *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 745 (E.D. Wis. 2000). In arguing that he is entitled to the benefit of § 2244(d)(1)(D) during the time that he gathered proof in support of his already known claims, petitioner "is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." *Flanagan*, 154 F.3d at 199. Thus, the Courts considering the issue have uniformly concluded that the lack of transcripts or other evidence does not make this provision applicable where the petitioner should know of the underlying claims which the evidence will allegedly support. *See Lancaster v. Alameida*, 51 Fed. Appx. 765, 766 (9th Cir. 2002); *Tineo v. United States*, No. 01 Civ. 4511, 2002 WL 1997901, at *3 (S.D.N.Y. Aug. 29, 2002); *United States v. Concepcion*, No. 98-2372, 1999 WL 225865, at *2 (E.D. Pa. Apr. 19, 1999) ("Facts contained in Petitioner's transcripts are not newly discovered facts sufficient to extend the time limitation for filing under the AEDPA."); *United States v. Agubata*, No. HNM-97-3629, 1998 WL 404303 (D. Md. July 9, 1998).

limitations period begins to run on the date that the factual predicate of the claims could have been discovered. By petitioner's own reckoning, the state created impediment was removed on March 15, 2002, when his appellate attorney provided him with the necessary transcripts. This was also the date on which he could have discovered the factual predicate of his claims.

Thus, assuming that the limitations period did not commence until March 15, 2002, the period ran from that date until October 14, 2002, the date on which petitioner filed his state postconviction motion. During that time, 213 days expired on the limitations clock. The limitations period was then tolled, pursuant to § 2244(d)(2), until 90 days after the Michigan Supreme Court denied his application for leave to appeal on March 30, 2004–that is, until June 28, 2004. The period again began to run at this time, and stopped on the date that petitioner filed his habeas application, January 7, 2005.[3] During this period an additional 193 days ran on the limitations clock. Added to the 213 days that had already elapsed, petitioner's application was filed on day 406, over a month (41 days) beyond the one year limitations period. Thus, even if petitioner is entitled to a delayed commencement of the limitations period under § 2244(d)(1)(B) or (D), his application is still barred by the one-year limitations provision.

3.    *Equitable Tolling*

Petitioner also contends that he is entitled to equitable tolling of the limitations period, for the same reasons that he is entitled to a delayed starting of the limitations period under § 2244(d)(1)(B) and (D). Petitioner's equitable tolling argument fails for a number of reasons.

---

[3]It is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on January 7, 2005.

First, it is doubtful that equitable tolling is available where, as here, the basis for the claim of equitable tolling is covered by one of the statutorily enumerated delayed starting provisions in § 2244(d)(1). *See Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (citation omitted) ("Although the statute leave some (limited) room for equitable tolling, courts cannot alter the rules laid down in the text. Section 2244(d) has a rule for when new factual discoveries provide a fresh period for litigation; unless that standard is met, a contention that the new discoveries add up to actual innocence is unavailing."). Second, even assuming that petitioner would be entitled to equitable tolling, the period of tolling would end when the circumstances giving rise to the equitable tolling ended. Here, that occurred when petitioner received the transcripts from his counsel. As explained above, even using this date as the starting date of the limitations period, petitioner's habeas application is untimely.

Finally, petitioner cannot show that he is entitled to equitable tolling. As the Supreme Court has recently explained, a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 125 S. Ct. 1807, 1814 (2005). Here, petitioner cannot show meet either element of this test. Petitioner cannot show that he was diligent in pursuing his habeas corpus petition, because he waited seven months to file his state postconviction motion after receiving the transcripts from counsel, and he waited another nine months to file his federal habeas petition after the Michigan Supreme Court denied his application for leave to appeal, even though the claims raised in his habeas application are identical to the claims raised on direct appeal and in the motion for relief from judgment. *See Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (delay of seven months between conclusion of state postconviction

7

proceedings and filing of federal habeas petition demonstrated lack of diligence). Further, petitioner cannot show "extraordinary circumstances" justifying equitable tolling. Neither the lack of trial transcripts, nor counsel's alleged ineffectiveness, constitutes the type of extraordinary circumstance which permits a court to equitably toll the statute of limitations. *See Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (attorney incompetence); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (lack of transcripts). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

C.     *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions, 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment and should dismiss the petition.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives_____
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/5/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 5, 2006.
>
> s/Eddrey Butts_____
> Case Manager