**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALBERT ALLEN POWELL,

    Petitioner,

vs.                                    CASE NO. 05-70205
                                           HON. LAWRENCE P. ZATKOFF
                                           MAGISTRATE JUDGE PAUL KOMIVES

MARY BERGUIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR**
**RELIEF FROM JUDGMENT**

On February 24, 2006, the Court adopted Magistrate Judge Komive's Report and Recommendation, dismissing the petition for habeas corpus. This matter is now before the Court on Petitioner's motion for relief from judgment. For the reasons set forth below, Petitioner's motion is DENIED.

**I. Introduction**

Petitioner filed a petition for writ of habeas corpus on January 20, 2005. On July 25, 2005, Respondent filed a motion for summary judgment. On October 17, 2005, Petitioner responded to the motion. On January 5, 2006, Magistrate Judge Komives issued a Report and Recommendation, which recommended that Respondent's motion be granted and the petition dismissed. Petitioner did not file objections to the Report and Recommendation. On February 24, 2006, the Court adopted the Report and Recommendation, and dismissed the petition.

On March 13, 2006, Petitioner filed a motion for relief from judgment, arguing that he did

not receive the Report and Recommendation, and thus could not file objections to it.  The Court took Petitioner's motion under advisement, and granted leave for Petitioner to file objections to the Report and Recommendation.  Petitioner has filed his objections, and the Court will now consider them.

## II.  Discussion

The relevant dates for Petitioner's state court proceedings are as follows:

1. On August 3, 1998, Petitioner was sentenced to six concurrent terms of 30-60 years for six counts of first degree criminal sexual conduct.

2. On September 5, 2000, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence.

3. On April 30, 2001, the Michigan Supreme Court denied Petitioner's application for leave to appeal.

4. On October 14, 2002, Petitioner filed a post-conviction motion for relief from judgment in the state trial court.

5. On December 12, 2002, the court denied Petitioner's motion.  Petitioner's motion for rehearing was denied on January 15, 2003.

6. On September 4, 2003, the Michigan Court of Appeals denied Petitioner's application for leave to appeal.

7. On March 30, 2004, the Michigan Supreme Court denied Petitioner's application for leave to appeal.

8. On January 7, 2005, Petitioner submitted his petition for writ of habeas corpus to this Court.

Report and Recommendation at 2.

28 U.S.C. § 2244 provides a one-year statute of limitations for habeas petitions.  The limitations period is tolled during post-conviction motions for relief.  Petitioner argued that the limitations period should be tolled due to the ineffective assistance of his trial counsel, who did

not provide him with the trial transcripts until March 15, 2002. Magistrate Judge Komives noted that Petitioner's claim had dubious merit, but even if it were accepted, the petition was still filed after the one-year deadline. From March 15, 2002, until October 14, 2002 (the date when Petitioner filed his post-conviction motion for relief in state court), 213 days expired. The limitations period was then tolled until June 28, 2004, 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal. From June 28, 2004, until January 7, 2005 (when Petitioner filed his petition for habeas corpus in this Court), an additional 193 days expired. Thus, a total of 406 days expired, well beyond the one-year period of limitations.

In his objections, Petitioner argues that the time from March 15, 2002 (when he received the trial transcripts) until October 14, 2002 (when he filed the post-conviction motion for relief) should not be counted towards the limitations period, because he did not receive assistance of counsel when preparing his post-conviction motion for relief. However, Petitioner's argument is without merit, because there is no constitutional right to assistance of counsel in state post-conviction proceedings. *Ritchie v. Eberhart*, 11 F.3d 587, 591 (6th Cir. 1993). Because the petition was untimely under 28 U.S.C. § 2244, it was properly dismissed. Therefore, Plaintiff's Motion for Relief from Judgment is HEREBY DENIED.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 31, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 31, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290